**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| MELINDA TOBIN,<br>*Plaintiff*,<br>v.<br>JOHN DOE POLICE OFFICERS #1-#7, *individually*, and PEMBERTON TOWNSHIP, *a municipal entity*,<br>*Defendants*. | HONORABLE KAREN M. WILLIAMS<br>Civil Action<br>No. 26-1371 (KMW-EAP)<br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court upon pro se Plaintiff Melinda Tobin's ("Plaintiff") Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. (Dkt. No. 19.) Defendants oppose the Motion. (Dkt. No. 23.)

**WHEREAS**, Plaintiff brings this action under 42 U.S.C. § 1983 against Pemberton Township and seven unidentified police officers. (Dkt. No. 1.) The operative Complaint arises from Plaintiff's February 12, 2024 arrest and asserts claims for fabrication of evidence, malicious prosecution, and municipal liability. (Dkt. No. 1 ¶¶ 8-30.) Plaintiff has also submitted a proposed amended complaint (Dkt. No. 16-1); and

**WHEREAS**, Plaintiff's present Motion principally concerns later events in April 2026. She alleges that, after repeatedly reporting neighborhood harassment and police misconduct, a Pemberton Township officer obtained a warrant charging her with misuse of 911. (Dkt. No. 19 at 3-5, 10-14.) Plaintiff contends that the charge has chilled her willingness to seek police assistance and that additional police contact or enforcement may be retaliatory. (*Id.* at 21-23, 26-27.) She asks the Court to prohibit Defendants from retaliating against, harassing, intimidating, surveilling,

following, or otherwise targeting her because of protected reporting or litigation activity. (*Id.* at 28-30.) She also seeks an order directing Defendants to preserve police and dispatch records relating to these events. (*Id.* at 26, 29-30); and

**WHEREAS**, temporary restraining orders and preliminary injunctions are extraordinary remedies governed by the same four-factor standard. *Doe v. Princeton Univ.*, No. 20-4352, 2020 WL 2097991, at *3 (D.N.J. May 1, 2020). A movant must first establish (1) a reasonable probability of success on the merits and (2) that irreparable harm is more likely than not absent preliminary relief. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176, 179 (3d Cir. 2017). Only if both gateway factors are satisfied does the Court balance (3) the potential harm to others and (4) the public interest. *Id.* at 176, 179. Plaintiff bears the burden of establishing entitlement to this extraordinary relief. *Ferring Pharms., Inc. v. Watson Pharms., Inc.*, 765 F.3d 205, 210 (3d Cir. 2014); and

**WHEREAS**, the Court finds that Plaintiff has not shown a reasonable probability of success on the merits of a claim that could support the requested injunction. Her operative Complaint concerns the February 2024 arrest and prosecution. (Dkt. No. 1 ¶¶ 8-30.) The Motion, by contrast, seeks to restrain alleged retaliation arising principally from distinct events in April 2026. (Dkt. No. 19 at 20-30.) Plaintiff ordinarily may not obtain preliminary injunctive relief based on allegations unrelated to the claims in her operative Complaint. *See Hershey Foods v. Hershey Creamery Co.*, 945 F.2d 1272, 1279 (3d Cir. 1991); *see also Moneyham v. Ebbert*, 723 F. App'x 89, 92 (3d Cir. 2018) (affirming denial of preliminary injunctive relief because the request "involved allegations unrelated to the complaint"); and

**WHEREAS**, even if the Court considered the new allegations in Plaintiff's proposed amended complaint (Dkt. No. 16-1), Plaintiff has not demonstrated a reasonable probability of

obtaining the broad prospective relief she requests. Her Motion asks the Court to forbid retaliation, harassment, intimidation, surveillance, and interference, but identifies no specific unconstitutional act that Defendants presently threaten to take. (Dkt. No. 19 at 26-30.) Plaintiff instead relies on her fear that future police contact or enforcement could be retaliatory. (*Id.* at 21-23, 26-27.) That showing does not establish a likelihood of success on a claim entitling her to preliminary relief[1]; and

**WHEREAS**, Plaintiff has not made a clear showing of immediate irreparable harm. Such harm must be actual and imminent, not remote or speculative. *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987); *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91-92 (3d Cir. 1992) (holding "[i]njunctions will not be issued merely to allay the fears and apprehensions or to soothe the anxieties of the parties. Nor will an injunction be issued 'to restrain one from doing what he is not attempting and does not intend to do.'") (citations omitted). Plaintiff alleges an ongoing chilling effect and fears that seeking police assistance may expose her to further police action. (Dkt. No. 19 at 22-23, 26-27.) But she identifies no impending arrest, prosecution, retaliatory act, or other concrete action by Defendants. And the alleged continuing neighborhood harassment cannot establish irreparable harm traceable to Defendants because the neighbors are not parties to this action. Although a sufficiently concrete threat to First Amendment rights may constitute irreparable injury, the assertion of a constitutional injury does not dispense with the requirement of immediacy. *See Hohe v. Casey*, 868 F.2d 69, 72-73 (3d Cir. 1989); and

**WHEREAS**, Plaintiff has not shown that emergency relief is necessary to preserve evidence. Her Motion states that she provided Defendants with a preservation letter and that defense counsel confirmed receipt. (Dkt. No. 19 at 19.) She identifies no evidence that any

[1] The Court need not—and does not—decide the validity of Plaintiff's pending state charge.

responsive material faces imminent destruction or loss. Preservation and production may therefore be addressed through the ordinary discovery process; and

**WHEREAS**, because Plaintiff has not established likelihood of success or immediate irreparable harm, the Court need not balance the remaining factors. *Reilly*, 858 F.3d at 179. In any event, they do not alter the result. The public has an interest in preventing unconstitutional retaliation, but also in permitting lawful police activity. The broadly phrased relief requested here risks uncertainty as to Defendants' ability to perform legitimate law-enforcement functions. (*See* Dkt. No. 23 at 10-12.)

**CONSEQUENTLY,** for all the foregoing reasons; and for good cause shown;

IT IS this 16th day of **September, 2026**, hereby

**ORDERED** that Plaintiff's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction (Dkt. No. 19) is **DENIED**.

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE